### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 07-00592-JBS |
| | ) | Chapter 7 |
| RESTAURANT DEVELOPMENT GROUP, INC., | ) ) | Hon. Jack B. Schmetterer |
| | ) | |
| Debtor. | ) ) | Hearing Date:  November 18, 2010 Hearing Time:  10:30 a.m. CST |

### THIRD AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION TO CHAPTER 7 TRUSTEE, GUS A. PALOIAN FOR THE PERIOD OF AUGUST 1, 2009 THROUGH CASE CLOSING

Pursuant to 11 U.S.C. §§ 326, 330, 331, and Federal Rule of Bankruptcy Procedure 2016, Gus A. Paloian, not individually, but solely as the Chapter 7 Trustee ("Trustee") of the above-referenced bankruptcy estate ("Estate") hereby files his Third and Final Application for Compensation (the "Application") for services rendered during the period August 1, 2009, through the close of this case (the "Application Period").  In support of this Application, Trustee respectfully states as follows:

### INTRODUCTION

1.  On January 12, 2007, (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2.  Shortly thereafter, Gus A. Paloian was appointed as the Chapter 7 Trustee of the Debtor's Estate and remains the duly-authorized and qualified trustee.

3.  The Trustee makes this Application pursuant to:  (i) Sections 326, 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330, as amended (the "Bankruptcy Code");  (ii) Rule 2016 of the Federal Rules (the "Rules") of Bankruptcy Procedure;  (iii) certain applicable provisions of the Guidelines for Reviewing Applications for Compensation and

12690025v.5

Reimbursement of Expenses Filed under 11 U.S.C. § 330, as adopted by the Office of the United States Trustee; (iv) Rule 5082-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois; and (v) other applicable case law discussed herein.

4. Congress revised the standards for compensation of chapter 7 trustees through enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). *See In re Phillips* 392 B.R. 378 (Bankr. N.D. Ill. 2008) (Squires, J.). The BAPCPA amendments affecting chapter 7 trustee compensation took effective on October 17, 2005, and thus apply in this instance. Based upon the BAPCPA amendments, and the facts and circumstances of this case, the Trustee seeks compensation in an amount equal to the commission set forth pursuant to Bankruptcy Code section 326(a).

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a).

6. This matter is before the Court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(a) of the United States District Court for the Northern District of Illinois.

7. Venue is proper under 28 U.S.C. §§ 1408 and 1409. Consideration of this Application constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M).

## ANALYSIS

**A.    BAPCPA Amendments to Chapter 7 Trustee Compensation.**

8. Bankruptcy Code sections 326(a) and 330(a) of the Bankruptcy Code guide bankruptcy courts in determining the amount of compensation to be awarded to Chapter 7 trustees. *See Staiano v. Cain (In re Lan Assocs. XI, L.P.)*, 192 F.3d 109, 115 (3d Cir. 1999); *In re Jenkens*, 130 F.3d 1335, 1337 (9th Cir. 1997). BAPCPA revised chapter 7 trustee

compensation standards through amendments to Bankruptcy Code section 330. However, BAPCPA left the provisions of Bankruptcy Code section 326(a) unchanged.

9. Section 326(a) limits the maximum amount of compensation that may be awarded to a Chapter 7 trustee. *In re Churchfield Mgmt. & Inv. Corp.*, 98 B.R. 838, 889 (Bankr. N.D. Ill. 1989) (Schmetterer, J.). This amount is "calculated by a percentage of the moneys brought into the Estates by the trustee's services." *Id.* In this respect, § 326(a) provides:

> In a case under chapter 7 . . . the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a). The general standard for approving requests for compensation is stated in §330(a)(1), as follows:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, [or to] a professional person employed under section 327 or 1103–
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person.

11 U.S.C. § 330(a)(1).

10. BAPCPA left Bankruptcy Code section 330(a)(1) unchanged. Thus, reasonableness remains touchstone of the analysis. However, BAPCPA amended Bankruptcy Code section 330(a)(3) to delete reference to chapter 7 trustees. Bankruptcy Code section 330(a)(3) sets forth certain factors a court is to consider in undertaking any reasonableness analysis and now provides the following:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall

3

consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title 11 U.S.C. § 330(a)(3).

11 U.S.C. § 330(a)(3).

11. In addition, BAPCPA added Bankruptcy Code section 330(a)(7), which provides: "In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326."[1]

## B. The BAPCPA Amendments Mandate That Chapter 7 Trustee Compensation Be Treated As a Commission.

12. Although bankruptcy courts disagree on exact standards for chapter 7 compensation under BAPCPA, most agree that Bankruptcy Code section 330(a)(7) now mandates a commission based calculation. *See In re McKinney*, 383 B.R. 490, 494 (Bankr. N.D. Cal. 2008); *see also In re Coyote Ranch Contractors, LLC,* 400 B.R. 84, 94 (Bankr. N.D. Tex. 2009); *Phillips* 392 B.R. at 386; *In re Ward,* 418 B.R. 667, 674 (W.D. Penn. 2009) ("To be sure,

---

[1] Section 330(a)(7) does not define "commission."

4

§ 330(a)(7) directs that, in determining the amount of reasonable compensation to be awarded a chapter 7 trustee, 'the court *shall* treat such compensation as a commission, based on section 326.'") (emphasis in the original). In addition, in determining the impact of BAPCPA on chapter 7 trustee compensation, Judge Wedoff concluded that chapter 7 trustee compensation now mandates a commission calculation in stating the following:

> Section 330(a)(3) is amended to exclude chapter 7 trustee from the professionals whose compensation is to be based, among other things, on the time spent in providing their services. Rather, new § 330(a)(7) is added, providing that the reasonable compensation of "a trustee" shall be treated "as a commission, based on § 326." Although new paragraph (a)(7) is not limited by its terms to chapter 7 trustee, chapter 11 trustees are expressly included in the list of professionals subject to § 330(a)(3), and so it is doubtful the new paragraph applies to chapter 11 trustees.

Wedoff, Eugene R., *Major Consumer Bankruptcy Effects of BAPCPA*, 1 U. ILL. L. REV. 31, 58 (2007) (footnotes omitted). This analysis is also consistent with the legislative history of the BAPCPA amendments, which states that "[BAPCPA] also amends section 330(a) to add a provision that requires a court, in determining the amount of reasonable compensation to award to a trustee, to treat such compensation as a commission pursuant to section 326 of the Bankruptcy Code." H.R. Rep. No. 109-31(1) at 87 (2005).

**C.    Section 326(a) Commission Standards, Rather Than Lodestar Factors, Should Instruct Reasonableness Inquiries Under BAPCPA.**

13.    Based upon the BAPCPA amendments to Bankruptcy Code section 330, courts should favor awarding the chapter 7 trustees the commissions set forth in Bankruptcy Code section 326(a) absent compelling facts and circumstances to the contrary. *See Coyote Ranch,* 400 B.R. at 94 (holding that for chapter 7 trustees, the reasonableness inquiry "may start and end with the cap" under section 326(a) and that mechanical application of the section 330(a)(3) factors to chapter 7 trustee compensation is disfavored); *see also McKinney*, 383 B.R. at 494 (finding a presumption in favor section 326(a) commissions unless such award is substantially

5

disproportionate to the value of the services performed); *In re Owens*, 2008 Bankr. LEXIS 2427 (Bankr. D. Oregon 2008) (construing section 326(a) commission as presumptively reasonable unless commission is substantially disproportionate or excessive in comparison to value of services provided). Similarly, Collier on Bankruptcy has concluded that the "primary effect of the change should be that, in the majority of cases, a trustee's allowed fee will presumptively be the statutory commission amount." 3 ALAN N. RESNICK & HENRY J. SOMMER, COLLIER ON BANKRUPTCY, § 330.03[1][a], at 330-14 915th ed. rev. 2008).

14. Even if BAPCPA does not create a presumption in favor section 326(a) commissions, the determination of "reasonableness" has changed. This is evidenced by the fact that even the courts that have refused to adopt a presumption in favor of section 326(a) commissions acknowledge that application of the factors in Bankruptcy Code section 330(a)(3) should be the exception, if not completely prohibited. *See Ward*, 418 B.R. at 678 (adopting reasoning in *Coyote Ranch* as to application of section 330(a)(3) factors); *see also Phillips,* 392 B.R. at 391. Finally, the few courts which have refused to cease mechanical application of Lodestar factors to chapter 7 trustee compensation still incorporate analysis of section 326(a) commissions. S*ee e.g., In re Clemens,* 349 B.R. 725, 730 (Bankr. D. Utah 2006). Furthermore, at least one court has openly acknowledged that application of the Lodestar factors render certain BAPCPA amendments "little effect" despite cannons of statutory interpretation to the contrary. *Id*. ("To some extent this might conflict with the general rule of statutory interpretation that a Court should avoid surplusage.").[2]

---

[2] Courts should enforce a statute's language according to its terms where the disposition required by the text is not absurd. *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004). When "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely

6

15. For example, in determining the amount of the commission to be paid to a chapter 7 trustee, Judge Squires in the *Phillips* decision found that the BAPCPA amendments still required "reasonable compensation for actual, necessary services rendered." *Phillips,* 392 B.R. at 391. However, Judge Squires ruled that the amendments to Bankruptcy Code section 330(a)(3) required the bankruptcy court to exclude from consideration the six factors referenced therein, including the amount time expended by the professional and the rate normally charged. *Id*., at 385-86. Judge Squires then referenced the fact that Bankruptcy Code section 330(a)(3) incorporated six of the twelve factors utilized in the seminal opinion on professional compensation, *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974). *Id*. As such, Judge Squires concluded the other six *Johnson* factors remain relevant in determining of what constitutes reasonable compensation. *Id*. These factors are: (1) the novelty and difficulty of the questions; (2) the skill requisite to perform the service properly; (3) the preclusion of other employment due to acceptance of the case; (4) the amount involved and the results obtained; (5) the "undesirability" of the case; and (6) whether the fee is fixed or contingent. *Id*. (citation omitted). Judge Squires then determined that the maximum commission under Bankruptcy Code section 326(a) would be paid for excellent work, and that he would reduce the highest applicable commission tier one-half percent (1/2 %) for very good work, and a one percent (1 %) for good work. *Id*., at 391-92.

16. Therefore, even if the court does not find a presumption in favor of section 326(a) commissions, the Trustee submits that the excellent results obtained in this case warrant payment

---

in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (citation omitted). In addition, statutory provisions must be read in context according to the statutory framework. *Davis v. Mich. Dept. of Treasury,* 489 U.S. 803, 809 (1989).

7

12690025v.5

of the full section 326(a) commission based upon the new standards for evaluating "reasonableness" under BAPCPA.

**D.    The Trustee Obtained an Excellent Result for Creditors Based Upon the Facts and Circumstances of the Case.**

17.    On the Petition Date, the Debtor's Schedules of Assets listed no assets. The Schedules of Liabilities listed general unsecured claim in excess of $14,600,000, plus a number of claims were listed with an "unknown" value. However, the Trustee began a thorough investigation of the Debtor's financial affairs and learned that the Debtor had been stripped of all of its assets by its principals prior to the Petition Date. The Trustee later retained Estate professionals to assist in the prosecution of claims despite the lack of any assets to fund discovery.

18.    Thereafter, the Trustee, working with special counsel, identified and developed recoverable claims against the Debtor's principals and certain of the Debtor's outside professionals and a substantial number of entites controlled by the Debtor's principals. Ultimately, the Estate, under the direction and supervisions of the Trustee, commenced five adversary proceedings to recover funds from the various parties (the "<u>Adversary Proceedings</u>"). The prosecution of the Adversary Proceedings was highly contested, legally and factually complex, and involved substantial investigation, discovery, motion practice and engagement of experts. The Trustee, working with his attorneys, procured the settlement of each of the Adversary Proceedings and as a result of those settlements, the Estate recovered gross proceeds in excess of $8,600,000.

19.    To date, the Trustee has liquidated or abandoned all of the assets belonging to this Estate and completed his review and analysis of the claims filed against the Estate. Trustee has paid a partial distribution to creditors, and has also completed and filed his Final Report

12690025v.5

simultaneously herewith. Final fee applications for the Trustee's Attorneys and the Trustee's Accountants have also been filed concurrently with this Application.

20. Creditors filed Claims in this case exceeding of $25,000,000. The Trustee successfully recharacterized the three secured claims filed in the case such into general unsecured claims. In addition, the Trustee obtained claim reductions in claim amounts asserted by numerous creditors. As a result of these efforts, the Trustee reduced the total amount of the claims asserted in this case to approximately $10,000,000.

21. As previously noted, pursuant to this Court's Order dated October 8, 2009 [*see* Dkt. No. 295], the Trustee made an interim distribution to general unsecured creditors equal to approximately 17% of allowed claims. The Trustee estimates that after payment of the Estate's administrative claims, as requested, the Estate will have sufficient funds such that general unsecured creditors will receive a total distribution equal to 45.78% of allowed claims. The Trustee submits that a nearly 50% distribution to creditors is an exceptional result given the facts and circumstances of the case.

22. The Trustee believes that the compensation requested is appropriate in light of the exceptional results and benefits achieved through his efforts on behalf of the Estate and its creditors. The Trustee believes that this request is justified under a reasonableness analysis of the facts of this case.

**E.    Total Compensation Sought By the Trustee.**

23. On May 18, 2009, the Trustee filed his first interim application for compensation for the period January 16, 2007 through February 28, 2009 (the "First Application") seeking

12690025v.5

interim compensation in the amount of $92,869.60.[3]  Pursuant to this Court's order dated June 8, 2009 [*see* Dkt. No. 264], the Trustee was awarded and paid interim compensation in the amount of $92,689.60.

24.     On October 9, 2009, the Trustee filed his second interim application for compensation for the period March 1, 2009 through August 31, 2009 (the "Second Application") seeking interim compensation in the amount of $67,191.00.  Pursuant to this Court's order dated November 2, 2009 [*see* Dkt. No. 314], the Trustee was awarded and paid interim compensation in the amount of $67,191.00.[4]

25.     This is the third and final application for compensation and expense reimbursement that the Trustee has filed in this case.  In this Application, the Trustee seeks compensation of $122,103.69, for a total award of $282,164.29. As part of this Application, the Trustee requests that the amounts previously awarded and paid as interim compensation shall be deemed final allowances.

F.     **Calculation of the Trustee's Compensation.**

26.     The Trustee has collected $8,630,476.48 for the benefit of the Estate.  Trustee has made disbursements of $5,561,965.00 in this case as of the date hereof.  Copies of the *Form I*

---

[3]     This amount includes $67,763.50 for services originally requested in the First Interim Application of Seyfath Shaw LLP (*see* Dtk. No. 248 at Section III. B. 3. d. "Litigation/Adversary Proceedings"), and at the Court's request, was subsequently moved to the Trustee's First Application (*see* Dkt. 264 at Ex. A).  These fees were awarded as part of the First Application pursuant to Court Order dated June 8, 2009 (*see* Dkt. 274).

[4]     Further, the Trustee performed services (and provided time detail) with a value of $3,365.50 (the "Uncompensated Time") in excess of the amount of interim compensation requested in the Second Application.  [*see* Dkt. No. 314 at Ex. A].  The Trustee did not request an allowance of interim compensation for the Uncompensated Time because it exceeded the maximum compensation available at the time of the Second Application.  As part of this Application, Trustee incorporates and adds the Uncompensated Time into the total services rendered during the Application Period.

12690025v.5

*Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to the Trustee's Final Report filed simultaneously herewith as Exhibits A and B respectively.  Trustee does not anticipate that there will be any funds returned to the Debtor in the case.

27. The maximum compensation allowable to the Trustee, based upon collections to date, and based upon Section 326(a) of the Code, is $282,164.29 calculated as follows:

| | |
|---|---|
| 25% of the first $5,000.00 | = $1,250.00 |
| 10% of the next $45,000 | = $4,500.00 |
| 5% of the next $950,000.00 | = $47,500.00 |
| 3% of the balance (i.e. $7,630,243.02) | =$228,914.29 |
| **MAXIMUM COMPENSATION ALLOWABLE** | **=$282,164.29** |
| PREVIOUS COMPENSATION ALLOWED AND PAID | =$160,060.60 |
| **UNPAID COMPENSATION AVAILABLE** | **=$122,103.69** |

28. The Trustee's request for total final compensation of $282,164.29, including additional compensation $122,103.69 requested in this Application, is equal to the maximum compensation available.

**H.   Services Rendered By the Trustee During the Application Period.**

29. In the case, the Trustee performed 622.00 hours of actual and necessary services on behalf of the Estate, with a total hourly value of $228,775.60.  During the Application Period, the Trustee performed 254.50 hours of actual and necessary services on behalf of the Estate, with a hourly total value of $69,974.50.[5]  An itemized and detailed statement describing the Trustee's

---

[5]   In addition, the Trustee estimates that he will spend an additional four hours rendering services with a value of $1,260.00 to obtain approval of the Final Report, make a final

11

services is attached hereto as **Exhibit A**. Those services include, but are not limited, to the following:

(e) Overseeing case administration; instructing counsel to prepare necessary pleadings and motions in the case;

(f) Monitoring and developing strategy, in connection with Trustee's counsel and special counsel, for the prosecution for the Estate's adversary proceedings; participating in settlement negotiations to resolve the pending adversary proceedings;

(g) Attending to the Estate's tax obligations, including filing of Estate tax returns;

(h) Managing the Estate's cash on hand, including investing the Estate's funds in interest bearing accounts and maintaining a report of cash receipts and disbursements; and

(i) Preparing semi-annual reports to the United States Trustee's Office.

---

distribution to creditors and prepare and file his final account. The estimated time and the Uncompensated Time is included in foregoing figures.

12690025v.5

## **CONCLUSION**

WHEREFORE, Gus A. Paloian, as Chapter 7 Trustee of the Estate of Restaurant Development Group, Inc., respectfully requests that the Court enter an Order:

A. Allowing and awarding final compensation to the Trustee in the amount of $282,164.29, including $122,103.69 in compensation for this Application Period;

B. Authorizing the Trustee to pay the amount awarded from the funds held on account in the Estate as part of his final distribution in this case;

C. Awarding as final that all amounts previously allowed and paid as interim compensation shall be deemed final; and

D. Granting such other and further relief as the Court deems just and proper.

Dated: October 5, 2010    Respectfully Submitted,

GUS A. PALOIAN, not individually, or personally, but solely in his capacity as Chapter 7 Trustee of the Debtor's Estate

By: /s/Gus A. Paloian
Gus A. Paloian (06188186)
James B. Sowka (6291998)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603-5577
Telephone: (312) 460-5000
Facsimile: (312) 460-7000