**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| RESTAURANT DEVELOPMENT | § | Case No. 07-00592 |
| GROUP, INC. | § | |
| | § | Hon. Jack B. Schmetterer |
| Debtor | § | |

**NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)**

  Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that GUS A. PALOIAN, TRUSTEE, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

  The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

    CLERK OF THE COURT
    UNITED STATE BANKRUPTCY COURT
    219 S. DEARBORN STREET
    CHICAGO, IL  60606

  Any person wishing to object to any fee application that has not already been approved, or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objection upon the trustee, any party whose application is being challenged, and the United State Trustee.  A hearing on the fee applications and any objection to the Final Report will be held at:  10:30 a.m. CST on Thursday, November 18, 2010

    United States Bankruptcy Court
    COURTROOM 682
    219 S. Dearborn Street
    Chicago, IL  60606

Date Mailed: _____    By: Kenneth S. Gardner_____

*GUS A. PALOIAN, TRUSTEE*
*131 S. DEARBORN*
*SUITE 2400*
*CHICAGO, IL 60603*

**UNITED STATES BANKRUPTCY COURT**
NORTHERN **DISTRICT OF** ILLINOIS

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| RESTAURANT DEVELOPMENT GROUP, INC. | § | Case No. 07-00592 |
| | § | |
| Debtor(s) | § | |

**SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION**

*The Final Report shows receipts of* $

*and approved disbursements of* $

*leaving a balance on hand of*[1] $

Claims of secured creditors will be paid as follows:

*Claimant*  *Proposed Payment*

$_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| Trustee: GUS A. PALOIAN, TRUSTEE | $_____ | $_____ |
| Attorney for trustee: SEYFARTH SHAW LLP | $_____ | $_____ |
| Appraiser: | $_____ | $_____ |
| Auctioneer: | $_____ | $_____ |
| Accountant: POPOWCER KATTEN, LTD. | $_____ | $_____ |
| Special Attorney for trustee: | $_____ | $_____ |
| Charges: | $_____ | $_____ |
| Fees: | $_____ | $_____ |
| Other: | $_____ | $_____ |

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (9/1/2009) *(Page: 2)*

| | *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|---|
| *Other:* | _____ | $_____ | $_____ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| | *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|---|
| *Attorney for debtor:* | _____ | $_____ | $_____ |
| *Attorney for:* | _____ | $_____ | $_____ |
| *Accountant for:* | _____ | $_____ | $_____ |
| *Appraiser for:* | _____ | $_____ | $_____ |
| *Other:* | _____ | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent*.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| *000001* | *EANET INC.* | $_____ | $_____ |
| *000002* | *FAX FOODS* | $_____ | $_____ |
| *000003* | *SERVICE CHECK INC.* | $_____ | $_____ |

* Total dividend is anticipated to be 45.8%, including prior interim distribution

UST Form 101-7-NFR (9/1/2009) *(Page: 3)*

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
| --- | --- | --- | --- |
| 000004 | 1530 SOUTH STATE, LLC | $ | $ |
| 000005 | AARON & TRECKER | $ | $ |
| 000008 | SCOTTSDALE FASHION SQUARE LLC | $ | $ |
| 000010 | DEERFILED TOWNE CENTER HOLDING COMPANY | $ | $ |
| 000011 | THE ROOKERY LLC | $ | $ |
| 000012 | CITICORP VENDOR FINANCE | $ | $ |
| 000013 | CitiCorp Vendor Finance | $ | $ |
| 000014 | The Robert Colman Trust | $ | $ |
| 000015 | ABSOLUTELY FRESH SEAFOOD | $ | $ |
| 000016 | CRESCENT HC INVESTORS | $ | $ |
| 000017 | VV2 Geneva Commons, LP | $ | $ |
| 000018 | VV2 Geneva Commons, LP | $ | $ |
| 000019 | DICK CLARK RESTAURANTS, INC. | $ | $ |
| 000020 | 600 GS PROP LP | $ | $ |
| 000021 | FGR DILWORTH, LLC | $ | $ |
| 000022 | SIXTH & NICOLLETT, LLC | $ | $ |
| 000023 | Roger Greenfield | $ | $ |
| 000024 | Theodore Kasemir | $ | $ |
| 000025 | NWD ARENA DISTRICT II LLC | $ | $ |
| 000026 | DP8LLC (DIAMOND PROPERTIES) | $ | $ |
| 000029 | DANIEL P. CASALE | $ | $ |

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| *000030* | *CITY CENTER RETAIL LIMITED PARTNERSHIP I* | $_____ | $_____ |

Tardily filed claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be _____ percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| *000027* | *Theodore Kasemir* | $_____ | $_____ |
| *000028* | *Roger Greenfield* | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be _____ percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

The amount of surplus returned to the debtor after payment of all claims and interest is $_____ .

Prepared By: /s/_____

GUS A. PALOIAN, TRUSTEE
131 S. DEARBORN
SUITE 2400
CHICAGO, IL 60603

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.